# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:  Efelda Mae Young** | : | Chapter 13 |
| | : | |
| **Debtor** | : | 24-10555AMC |

## NOTICE OF MOTION, RESPONSE DEADLINE
## AND HEARING DATE

Stephanie Jones has filed a Motion for Relief from Automatic Stay with the court so that Movant can proceed with a pending Complaint in the Court of Common Pleas of Philadelphia County, Efelda M. Young and Keith M. Young, No. 230800010.

1. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult an attorney).**

2. **If you do not want the court to grant the relief sought in the Motion** or if you want the court to consider your views on the Motion, then on or before **September 9, 2024 you or your attorney must file a response to the Motion**.  (see *Instructions on next page.*)

3. **A hearing on the Motion** is scheduled to be held on **September 18, 2024**, at **10:00 a.m. in Courtroom 4, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107.**  Unless the court orders otherwise, the hearing on this contested matter will be an **evidentiary hearing.**

4. **If you do not file a response to the Motion,** the court may cancel the hearing and enter an order granting the relief requested in the Motion.

5. You may contact the Bankruptcy Clerk's office for Philadelphia cases at (215) 408-2800 and for Reading cases at 610-208-5040 to find out whether the hearing has been cancelled because no one filed a response.

6. If a copy of the motion is not enclosed, a copy of the Motion will be provided to you if you request a copy from the attorney whose name and address is listed on the next page of this Notice.

**Filing Instructions**

7. **If you are required to file documents electronically by Local Bankruptcy Rule 5005-1,** you must file your response electronically.

8. **If you are not required to file electronically,** you must file your response at

    Clerk of the United States Bankruptcy Court
    900 Market Street, #400
    Philadelphia, PA 19107

9. **If you mail your response** to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated in Paragraph 2 on the previous page of this Notice.

10. On the same day that you file or mail your Response to the Motion, you must mail or deliver a copy of the Response to the movant's attorney:

    Jay E. Kivitz, Esquire
    Kivitz & Kivitz, P.C.
    7901 Ogontz Avenue
    Philadelphia, PA 19150
    (215) 549-2525
    Fax No.: 215 253-5285
    Email address jkivitz@kivitzlaw.com

Date: August 23, 2024

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| IN RE: Efelda Mae Young | : | Chapter 13 |
| | : | |
| Debtor | : | Case #24-10555-amc |

_____

| | | |
|---|---|---|
| Stephanie Jones | : | |
| | : | |
| Movant | : | |
| v. | : | |
| Efelda Young | : | |
| Debtor | : | |

## **ORDER**

AND NOW, this _____day of _____, 2024, upon consideration of the Motion of Stephanie Jones, (the "Movant") for Relief from the Automatic Stay, and the Debtor's response thereto, if any, it is

ORDERED THAT the Motion for Relief from the Automatic Stay of all proceedings is GRANTED. The automatic stay of all proceedings in effect pursuant to 11 U.S.C. §362(a) is hereby terminated pursuant to 11 U.S.C. §362(d)(1) and (2) as to the Movant, so that Movant may continue with her action in the Court of Common Pleas of Philadelphia County for the real property located at 1355 E. Rittenhouse Street, Philadelphia, PA 19138.

BY THE COURT:

_____
The Honorable Ashley M. Chan
Chief United States Bankruptcy Judge

Cc: See attached service

Efelda Mae Young
1925 Humphrey Merry Way, Apt. A
Elkins Park, PA 19195

Michael A. Cibik, Esquire
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

Scott F. Waterman, Esquire
Chapter 13 Trustee
2901 St. Lawrence Avenue
Suite 100
Reading, PA 19606

Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Jay E. Kivitz, Esquire
Kivitz &Kivitz, P.C.
7901 Ogontz Avenue
Philadelphia, PA 19150

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:  Efelda Mae Young | : | Chapter 13 |
| | : | |
| Debtor | : | Case #24-10555-amc |
| | : | |

**MOTION OF STEPHANIE JONES
FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C.  SECTION 362**

Stephane Jones, ("Movant") a creditor in the captioned matter, by and through her undersigned counsel, hereby moves this Court for entry of an order granting Movant relief from the automatic stay pursuant to 11 U.S.C. §362(d) as to the real property located at 1355 E. Rittenhouse Street, Philadelphia, PA  19138 ("the Property") and in support thereof avers as follows:

**I.     JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.  This motion is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(G).

2.     The venue of this Motion is proper pursuant to 28 U.S.C. §1409.

3.     The statutory authority for the requested relief is 11 U.S.C. §362(d).

**II.     PROCEDURAL AND FACTUAL BACKGROUND**

4.     On February 6, 2024, Movant filed a Complaint in the Court of Common Pleas of Philadelphia County, No. 230800010, to compel the Debtor and her son, Keith Young, owners of premises 1355 E. Rittenhouse Street, Philadelphia, PA 19138 to sell the property to the Movant, pursuant to the terms of a Lease with Purchase Option, payment for which was completed by the Movant (in fact, the Movant overpaid in the amount of $1,250.00).  See copy of Complaint attached hereto as Exhibit "A".

5. On February 21, 2024, the Debtor filed a petition in the captioned matter under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Easter District of Pennsylvania.

6. The Trustee is Scott F. Waterman, Esquire.

7. The terms of the Lease with Purchase Option required the Debtor and her son to convey title to the property free and clear of all liens and judgments after the Movant paid the full purchase price. As of February, 2024 the purchase price had been paid in full (in fact there was an overpayment), there were unpaid real estate taxes due the City of Philadelphia in the amount of $25,975.19, and judgments against the Debtor and her son in the amount of $13,058.57. See copy of title search attached hereto as Exhibit "B".

8. On May 24, 2024, at a first meeting of creditors conducted by the Chapter 13 Standing Trustee, Scott Waterman, Esquire, the Debtor acknowledged that that property should be conveyed to the Movant, and that the purpose of the bankruptcy filing was to clear outstanding liens so that an unencumbered title could be conveyed to the Movant.

9. The Debtor also stated that her son was willing to sign the deed conveying title to the Petitioner.

10. Since the date of the first meeting of creditors, the Debtor and her son have taken no action to convey title to the property to the Petitioner, and counsel for the Debtor has ignored attempts by Plaintiff's counsel to discuss the matter.

11. On or about June 10, 2024, the City of Philadelphia filed a Petition in the Court of Common Pleas of Philadelphia, June Term, 2024 No. T0067, against the Debtor and her son, for Rule to Show Cause Why Property Should Be Sold Free and Clear of All Liens and Encumbrances for unpaid real estate taxes for the property in excess of $26,700.00. A hearing on the Motion is scheduled for September 17, 2024. See copy of Petition attached hereto as Exhibit

"C".

12. The City of Philadelphia will not discuss a payment plan for the delinquent taxes because title is not in the name of the Petitioner.

13. If Movant is granted relief from the automatic stay, the Movant can negotiate with the City of Philadelphia and can continue with her action in the Court of Common Pleas of Philadelphia to compel the Debtor and her son to convey title to the Movant.

### III.  ARGUMENT

14. Movant alleges that the automatic stay should be lifted for cause pursuant to 11 U.S.C. §362(d)(1), (2) and (3) in that:

   (a) Debtor defaulted under the terms of the Lease with Purchase Option and Rent-to-Own Lease Agreement by failing to convey clear title to 1355 E. Rittenhouse Street, Philadelphia, PA 19138;

   (b) the Debtor does not reside in the property; and

   (c) the property is not necessary to an effective reorganization.

WHEREFORE, the Movant respectfully requests that this Honorable Court enter an Order (1) granting Movant relief from the automatic stay with respect to Movant's interest in the real property known as 1355 E. Rittenhouse Street, Philadelphia, PA 19138 pursuant to 11 U.S.C. §362(d) to permit Movant to exercise any and all rights and remedies that Movant is entitled to with respect to The Property, including, without limitation, continuing with her action in the Court of Common Pleas of Philadelphia, and (2) that Movant be granted such other and further relief, at law or in equity, as is just.

Date: August 23, 2024						BY: *s/ Jay E. Kivitz*
								Jay E. Kivitz, Esquire
								Attorney ID No. 26769
								KIVITZ & KIVITZ, P.C.
								7901 Ogontz Avenue
								Philadelphia, PA  19150
								215-549-2525   FAX 215-253-5285
								jkivitz@kivitzlaw.com
								Attorney for Movant/Applicant